```
 1
 2
 3
 4
 5                    UNITED STATES DISTRICT COURT
 6                         DISTRICT OF NEVADA
 7                                * * *
```

| | |
|---|---|
| REGINALD McDONALD, | Case No. 3:13-cv-00240-MMD-WGC |
| Plaintiff, | ORDER |
| v. | |
| OLIVAS, et al., | |
| Defendants. | |

This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a state prisoner. Before the Court are motions filed by plaintiff. (Dkt. nos. 10 & 16.)

I.      **MOTION TO SUPPLEMENT LIST OF DEFENDANTS (Dkt. no. 10)**

On October 22, 2013, the Court entered an order screening the complaint. (Dkt. no. 5.) In analyzing Count 11, the claim of conspiracy, the Court noted that plaintiff made allegations against additional defendants who were named in the body of the complaint, but were not listed as defendants at the beginning of the complaint. (*Id.* at p. 11.) The Court ruled that plaintiff would be required to supplement his list of defendants to include those who are mentioned in Count 11 but are not identified on the initial list of defendants. (*Id.* at pp. 12, 14.)

On October 25, 2013, plaintiff filed a motion to supplement his list of defendants. (Dkt. no. 10.) Plaintiff lists the following additional defendants: Dave Everette, Candis Brockway, Ms. Simmons, Ms. Feil, Mr. Humphrey, Terri Jacobs, Law Library Supervisor, Mail Room Supervisor, and Wendy. (*Id.* at pp. 2-4.) The Clerk of Court is directed to add these defendants to the list of defendants on the CM/ECF docket. In

1  addition, plaintiff's statement of additional defendants, at pages 2-4 of his motion, shall
2  be considered part of the complaint. Plaintiff's motion to supplement his list of
3  defendants is granted.

II.     **MOTION FOR RECONSIDERATION RE: APPOINTMENT OF COUNSEL (dkt no. 16)**

In the screening order, filed October 22, 2013, the Court addressed plaintiff's motion for the appointment of counsel and denied the motion. (Dkt. no. 5, at pp. 12-13.) Plaintiff has filed a motion for reconsideration of the denial of his motion for the appointment of counsel. (Dkt. no. 16.) Plaintiff contends that he is unable to afford counsel, the issues in this case are complex, he has no knowledge of the law, and that his incarcerated status makes it difficult for him to litigate this action. (Dkt. no. 16.)

A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 13253 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. The circumstances in which a court will make such a request, however, are exceedingly rare, and the court will make the request under only extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). A finding of such exceptional circumstances requires that the court evaluate both the likelihood of success on the merits and the plaintiff's ability to articulate his claims in pro se in light of the complexity of the legal issues involved. *Id.*; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Neither of those factors is dispositive and both must be reviewed together in reaching a decision. *Terrell*, 935 F.3d at 1017.

In the order denying the appointment of counsel on October 22, 2013, the Court ruled that plaintiff had demonstrated that he is fully able to litigate this case on his own. (Dkt. no. 5, at p. 13.) The Court noted that plaintiff had submitted various documents to the Court, and is perfectly fluent in English. (*Id.*) The Court further found that none of the issues in this case is particularly complex. (*Id.*) This case is similar to the situation in

2

*Terrell*, in which the court found that plaintiff "demonstrated sufficient writing ability and legal knowledge to articulate his claim," that the case did not involve substantial complexity, and the plaintiff had not demonstrated that he was likely to succeed on the merits. *Terrell*, 935 F.2d at 1017. Nothing in plaintiff's motion for reconsideration causes the Court to change its initial ruling denying the appointment of counsel. The Court does not find exceptional circumstances that warrant the appointment of counsel. Plaintiff has failed to make an adequate showing under either Rule 59(e) or Rule 60(b) to justify granting his motion for reconsideration of the order denying the appointment of counsel. Plaintiff's motion for reconsideration is denied, and to the extent plaintiff's motion is construed as a second motion for the appointment of counsel, that request is also denied.

### III. CONCLUSION

It is therefore ordered that plaintiff's motion to supplement his list of defendants (dkt. no. 10) is granted. The Clerk of Court shall add the following defendants to the list of defendants on the CM/ECF docket: Dave Everette, Candis Brockway, Ms. Simmons, Ms. Feil, Mr. Humphrey, Terri Jacobs, Law Library Supervisor, Mail Room Supervisor, and Wendy. Plaintiff's statement of additional defendants (dkt no. 10, at pp. 2-4), shall be considered part of the complaint.

It is further ordered that plaintiff's motion for reconsideration of the Court's order denying the appointment of counsel (dkt no. 16) is denied.

DATED THIS 6th day of February 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE