UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| REGINALD MCDONALD, | 3:13-cv-00240-MMD-WGC |
| Plaintiff, | **ORDER** |
| v. | |
| OLIVAS, et. al., | |
| Defendants. | |

This Order addresses the status of service on the defendants in this action and various pending motions related to service including:

(1) Defendants' Motion to Quash Service on Mr. Goolsby (Doc. # 54)[1];

(2) Plaintiff's "'Motion to Correct' and "Motion to Request Court Orders'" (Doc. # 56), to which Defendants' filed a response (Doc. # 63) and Plaintiff filed a reply (Doc. # 64).

**I. BACKGROUND**

Plaintiff named the following as defendants in this action: Ball, Bannister, Bennet, Brockway, Byrne, Cox, Everette, Feil, Gedney, Goolsby, Harris, Humphrey, Jacobs, Johns, LeGrande, Marrs, Moyle, Mullins, Olivas, Poag, Sandie, Scott, Simmons, Walsh, Wendy, John Doe Psychologist, Law Library Supervisor, and Mail Room Supervisor. (Docs. # 5, # 10, # 24.)

On March 19, 2014, the Attorney General's Office filed a notice of acceptance of service on behalf of defendants Jonathan Ball, Robert Bannister, Travis Bennett, Candis Brockway, Quentin Byrne, James G. Cox, David Everett, Pamela Feil, Karen Gedney, Terri Jacobs, Marsha Johns, Robert LeGrand, David Mar, Shannon Moyle, Ronald Mullins, Donald Poag, William Sandie, John Scott, Pauline Simmons, and Lisa Walsh. (Doc. # 29.) Service was not accepted on behalf of Cesar Olivas, Jonathan Goolsby, John Harris, or William Humphrey, as they are no

---

[1] Refers to court's docket number.

1  longer employees of the Nevada Department of Corrections (NDOC), and did not request
2  representation. (*Id*.) The Attorney General's Office did, however, file their last known addresses
3  under seal. (Docs. # 30, # 31.) Service was also not accepted on behalf of "Wendy," "Mail Room
4  Supervisor" and "Law Library Supervisor," as counsel could not identify these individuals. (*Id*.)
5  Counsel provided additional information concerning who these individuals might be. (*Id*.) No
6  indication was made that service was being accepted on behalf of the John Doe Psychologist
7  identified in the complaint. (*See id*.)  The Attorney General's Office did  subsequently accept
8  service on behalf of defendant Wendy McDaniel (identified by Plaintiff as "Wendy"). (Doc. #
9  34.)

10  Of the addresses submitted under seal, the address for John Harris was a post office box.
11  (Doc. # 31.)

12  On April 1, 2014, Plaintiff filed a motion requesting the issuance of a summons to Cesar
13  Olivas, Jonathan Goolsby, John Harris and William Humphrey. (Doc. # 32.) On April 29, 2014,
14  the court granted the motion requesting issuance of the summonses, and ordered that they be sent
15  to the U.S. Marshal with the addresses provided under seal. (Doc. # 37.) The court also ordered
16  the Clerk to send Plaintiff four USM-285 forms and four copies of the complaint and gave him
17  twenty days to fill out the forms and return them to the U.S. Marshal's office. (*Id*.) Plaintiff was
18  required to file a notice informing the court as to the status of their service. (*Id*.) The summonses
19  were issued on the same date. (Doc. # 38.)

20  On May 13, 2014, a return was filed regarding service on defendant John Harris, and it
21  was indicated that the U.S. Marshal was unable to serve Mr. Harris at the address provided under
22  seal, which was a post office box. (Doc. # 44.)

23  Another service return indicated that defendant Jonathan Goolsby was served on May 12,
24  2014. (Doc. # 45.)

25  On May 14, 2014, the court issued an order directing Defendants to inquire of NDOC as
26  to whether NDOC has a current residential address for Mr. Harris as his last known address filed
27  under seal was a post office box. (Doc. # 46.) Defendants filed a statement that the only address
28  known to them for John Harris is the post office box previously filed under seal. (Doc. # 48.)

1    As to defendant Cesar Olivas, the return filed on May 16, 2014, indicates that Mr. Olivas did not live at the address filed under seal. (Doc. # 50.)

On May 27, 2014, Plaintiff filed a document informing the court of the status of service: (1) defendant Cesar Olivas's return was unexecuted and Mr. Olivas was noted as not living at the address filed under seal; (2) defendant John Harris's return was unexecuted as service could not be accomplished on a post office box, which is the last known address for Mr. Harris; (3) defendant Jonathan Goolsby was served; and (4) Plaintiff has not received a return back regarding service on Mr. Humphrey. (Doc. # 51.)

Then, on May 28, 2014, another return was filed with respect to Mr. Goolsby, who the U.S. Marshal had previously indicated was served, but now indicates that he was not served as he did not live at the address filed under seal. (Doc. # 53.)

On June 2, 2014, Defendants filed a motion to quash service of process on Mr. Goolsby. (Doc. # 54.) Defendants indicate that when the U.S. Marshal attempted service on Mr. Goolsby on May 12, 2014, they attempted to serve him at NDOC despite the fact that he no longer works at NDOC and the NDOC address was not the last known address provided under seal. (*Id*. at 2.) Then, Colleen Cohan-Scott, an employee of NDOC, inadvertently accepted service on behalf of Mr. Goolsby. (*Id*.) Upon being notified of the error, the U.S. Marshal filed a second return indicated that Mr. Goolsby had not been properly served. (*Id*.; Doc. # 53.) As a result, Defendants request that service of process upon Mr. Goolsby should be quashed. (Doc. # 54 at 3.)

On June 3, 2014, the Attorney General's Office filed a notice indicating that they are accepting service on behalf of defendant Cesar Olivas. (Doc. # 57.)

On June 3, 2014, a return of service was also filed indicating that Mr. Humphrey was served at his address. (Doc. # 58.)

An answer was filed on behalf of Mr. Humphrey and Mr. Olivas on June 11, 2014. (Doc. # 61.)

///

///

## II. DISCUSSION

**A. Defendants John Doe Psychologist, Mail Room Supervisor, and Law Library Supervisor**

The parties are **ORDERED** to meet and confer to try to ascertain the identities of the John Doe Psychologist, Mail Room Supervisor and Law Library Supervisor named in Plaintiff's complaint. They are further **ORDERED** to file a statement within **thirty days** of the date of this Order indicating whether or not these defendants have been identified. If any of them have been identified, the Attorney General's Office is further **ORDERED** to indicate whether or not service will be accepted on their behalf. If service will not be accepted on their behalf, the Attorney General's Office shall file their last known addresses under seal. If the individuals are identified and service is not accepted on behalf of one or more of them, Plaintiff shall file a motion requesting the issuance of a summons for that defendant and requesting that service be made by the U.S. Marshal. If the parties are not able to identify one or more of the parties, the court will set a status conference to discuss how to proceed; however, Plaintiff is advised that a recommendation will likely be made for their dismissal if they have not been identified at that point.

**B. Defendant Humphrey**

On June 3, 2014, a return of service was also filed indicating that Mr. Humphrey was served at his address on June 2, 2014. (Doc. # 58.) To the extent Plaintiff's motion (Doc. # 56) asks for information clarifying his address, this request is **DENIED** as moot.

**C. Defendant Olivas**

The return for Mr. Olivas came back stating that he did not live at the address filed under seal; however, the Attorney General's Office subsequently indicated it was accepting service on behalf of Cesar Olivas. (Doc. # 57.). Therefore, to the extent Plaintiff's motion (Doc. # 56) asks for an order that Defendants confirm Mr. Olivas' address, this request is **DENIED** as moot. Plaintiff's request in his motion (Doc. # 56) for an order that Defendants ask Olivas' relatives about his whereabouts is likewise **DENIED** as moot.

**D. Defendant Harris and Defendant Goolsby**

Defendants have confirmed the last known address they have for Mr. Harris is a post

1  office box. (Doc. # 48; Doc. # 63 at 2.) Therefore, Plaintiff's request in Doc. # 56 that
2  Defendants confirm this is **DENIED** as moot.
3        It is now clear that Mr. Goolsby has not been served from the U.S. Marshal's filing of a
4  subsequent unexecuted return and Defendants' clarification that Ms. Cohan-Scott did not have
5  authority to accept service of process on behalf of Mr. Goolsby, who is not presently employed
6  by NDOC. Therefore, Defendants' motion to quash service on Mr. Goolsby (Doc. # 54) is
7  **GRANTED**.
8        In their response to Plaintiff's motion (Doc. # 56), Defendants confirm that the address
9  filed under seal is the correct last known address in their possession for Mr. Goolsby. (*See* Doc. #
10 63 at 2.) Therefore, Plaintiff's request in his motion (Doc. # 56) for an order that Defendants
11 confirm this is **DENIED**.
12       Federal Rule of Civil Procedure 4(c)(3) provides: "At the plaintiff's request, the court
13 may order that service be made by a United States marshal or deputy marshal or by a person
14 specially appointed by the court. The court must do so if the plaintiff is authorized to proceed
15 in forma pauperis under 28 U.S.C. § 1915..." Federal Rule of Civil Procedure 4(e) provides that
16 service upon an individual may be accomplished in any manner contemplated by the law of the
17 state in which the action is brought or by delivering a copy of the summons and complaint to the
18 individual personally or by leading a copy of each at the individual's dwelling or usual place of
19 abode with someone of suitable age and discretion who resides there or giving copies to an agent
20 authorized to receive service of process. Nevada law is consistent with the federal provisions for
21 service on an individual. *See* N. R. C. P. 4(d)(6). Neither the Federal Rules of Civil Procedure
22 nor Nevada Rules of Civil Procedure contemplate service on an individual via a post office box.
23       As a result, the U.S. Marshal can do nothing further to effectuate service on Mr. Harris,
24 given that his last known address is a post office box. The court has therefore met its obligation
25 under Rule 4(c)(3) with respect to Mr. Harris. The court has similarly met its obligation under
26 Rule 4(c)(3) with respect to Mr. Goolsby by providing his last known address to the U.S.
27 Marshal, who was unsuccessful in an attempt to locate and serve him. It is now incumbent upon
28 Plaintiff to either use other means to locate Mr. Harris's physical address and have him served,

1  and to locate Mr. Goolsby and have him served. If after exercising due diligence in attempting to
2  serve them he is unsuccessful, Plaintiff may proceed with a motion for service by publication
3  under Nevada law.

4        For Plaintiff's information, Nevada law provides that if "after due diligence" the person
5  the party is seeking to serve cannot "be found within the state" and that fact is made in an
6  affidavit "to the satisfaction of the court or judge thereof" and it appears "either by affidavit or by
7  a verified complaint on file, that a cause of action exists against the defendant in respect to whom
8  the service is to be made, and that the defendant is a necessary or proper party to the action, such
9  court or judge may grant an order that the service be made by the publication of summons."
10  N. R. C. P. 4(e)(1)(i). Publication is made in a "newspaper, published in the State of Nevada...for
11  a period of 4 weeks, and at least once a week during said time." N. R. C. P. 4(3)(1)(iii).

12        Nevada courts look at several factors in evaluating whether a party seeking service by
13  publication has demonstrated due diligence, including the number of attempts made to serve the
14  defendant at his or her residence and other methods used to locate the defendant, such as
15  consulting public directories. *See Abreu v. Gilmer*, 985 P.2d 746, 747, 115 Nev. 308, 311 (1999);
16  *McNair v. Rivera*, 874 P.2d 1240, 1241, 110 Nev. 463, 464 (1994); *Price v. Dunn*, 787 P.2d 785,
17  786-87, 106 Nev. 100, 103 (1990).

18      In addition:
19      [W]here the residence of a[n]...absent defendant is known, the court or judge shall also direct a copy of the summons and complaint to be deposited in the post office, directed to the person to be served at the person's place of residence. The
20      service of summons shall be deemed complete in cases of publication at the expiration of 4 weeks from the first publication, and in cases when a deposit of a
21      copy of the summons and complaint in the post office is also required, at the expiration of 4 weeks from such deposit.
22  N. R. C. P. 4(e)(1)(iii). Plaintiff is further advised that an attempt to serve Mr. Harris or
23  Mr. Goolsby by publication will made at his expense.
24
25        As such, Plaintiff has an additional **<u>forty-five days</u>** from the date of this Order to serve
26  Mr. Harris and Mr. Goolsby. At the expiration of the forty-five day period, Plaintiff is directed to
27  **<u>FILE</u>** a statement indicating whether or not service has been accomplished. If after the
28  expiration of the forty-five day period, they have not been served or Plaintiff has failed to make a
good cause showing as to why service has not been accomplished, Plaintiff is cautioned that

1  Mr. Harris and Mr. Goolsby may be dismissed from this action without prejudice pursuant to
2  Federal Rule of Civil Procedure 4(m).
3  **E. Miscellaneous Items**
4  In his motion (Doc. # 56), Plaintiff asks the court to order Defendants to give him
5  "unrestricted access to his medical records" as well as an order "directing NNCC Nursing, etc. to
6  interpret doctors' unlegible [sic] intries [sic]." (Doc. # 56 at 3.) The court declines enter such an
7  order. Plaintiff may view his medical records pursuant to NDOC regulations by kiting the
8  warden; however, the Attorney General's Office should assure that Plaintiff is given a reasonable
9  opportunity to review the medical records so that he can fairly litigate this case.
10  Next, Plaintiff asks for an order that Defendants be compelled to provide him with
11  "unrestricted access to NNCC's law library services and" and to have all of his legal questions
12  answered and to have his legal mail and filings delivered promptly. (Doc. # 56 at 3.) Again, the
13  court declines to interject itself in the management of the prison. Plaintiff's access to the law
14  library and the delivery of legal mail is governed by NDOC's regulations. If he has a specific
15  issue, his remedy is to utilize the prison's grievance process.

16  ### III. CONCLUSION

17  (1) The parties are **ORDERED** to meet and confer to try to ascertain the identities of the John
18  Doe Psychologist, Mail Room Supervisor and Law Library Supervisor named in Plaintiff's
19  complaint. They are further **ORDERED** to file a statement within **thirty days** of the date of this
20  Order indicating whether or not these defendants have been identified. If any of them have been
21  identified, the Attorney General's Office is further **ORDERED** to indicate whether or not service
22  will be accepted on their behalf. If service will not be accepted on their behalf, the Attorney
23  General's Office shall file their last known addresses under seal. If the individuals are identified
24  and service is not accepted on behalf of one or more of them, Plaintiff shall file a motion
25  requesting the issuance of a summons for that defendant and requesting that service be made by
26  the U.S. Marshal. If the parties are not able to identify one or more of the parties, the court will
27  set a status conference to discuss how to proceed; however, Plaintiff is advised that a
28  recommendation will likely be made for their dismissal if they have not been identified at that

1  point.

2  (2) Plaintiff's "'Motion to Correct' and "Motion to Request Court Orders'" (Doc. # 56) is **DENIED**.

3  (3) Defendants' Motion to Quash Service on Mr. Goolsby (Doc. # 54) is **GRANTED**.

4  (4) Plaintiff has an additional **forty-five days** from the date of this Order to serve Mr. Harris and Mr. Goolsby. At the expiration of the forty-five day period, Plaintiff is directed to **FILE** a statement indicating whether or not service has been accomplished. If after the expiration of the forty-five day period, they have not been served or Plaintiff has failed to make a good cause showing as to why service has not been accomplished, Plaintiff is cautioned that Mr. Harris and Mr. Goolsby may be dismissed from this action without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

5  (5) Plaintiff's requests for orders giving him unrestricted access to his medical records, to have NNCC staff interpret or transcribe medical record entries, for unrestricted access to the law library and to have all of his legal questions answered are **DENIED**. Defendants, however, shall assure that Plaintiff is afforded a reasonable amount of time to review his medical records so that he may fairly litigate this case.

**IT IS SO ORDERED**.

July 14, 2014.

WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE