# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| REGINALD MCDONALD, | 3:13-cv-00240-MMD-WGC |
| Plaintiff, | **ORDER** |
| v. | |
| OLIVAS, et. al., | |
| Defendants. | |

Before the court are several motions filed by Plaintiff requesting the issuance of subpoenas. (Docs. # 52, 55, and 67.)[1]

In Doc. # 52, Plaintiff asks for the issuance of subpoenas to third parties Correctional Officers F. Flemming, Mainwaring and Miranda. This document also indicates that Plaintiff is requesting the issuance of subpoenas for Correctional Officer Allen and Sergeant Olivas in order to ascertain Mr. Olivas' whereabouts for service. Because defendant Olivas has now appeared and answered (Doc. # 61), this request is moot. Plaintiff acknowledges this in his reply brief. (Doc. # 62 at 1.)

In Doc. # 55, Plaintiff asks for the issuance of subpoenas to third party correctional officer Beckerdite.

In Doc. # 67, Plaintiff asks for the issuance of subpoenas to third parties Officer Champa, Lieutenant Matt Wightman, Officer Roy Lorton, Sergeant Chapman, Sergeant Armstead, Gang Investigator James Keener, and Officer Elsffloer.

Defendants filed a response to Docs. # 52 and # 55. (*See* Doc. # 60.) In their response, they state that they do not object to the issuance of blank subpoenas for third-party witnesses; however, they do object to the extent Plaintiff is requesting that the subpoenas be served other

---

[1] Refers to court's docket number.

1  than at Plaintiff's own expense. (*Id.*) They also contend that the subpoenas must seek relevant
2  information. (*Id.*) Defendants have not yet responded to Plaintiff's latest motion for the issuance
3  of subpoenas, but the court presumes their response would be the same.

4  In his reply brief, Plaintiff states that he is indigent and has been granted in forma
5  pauperis status and cannot cover any expenses associated with service of the subpoenas. (Doc.
6  # 62 at 2.) He requests that the U.S. Marshal serve the subpoenas. (*Id.*)

7  Rule 45(a)(3) provides that the "clerk must issue a subpoena, signed but otherwise blank,
8  to a party who requests it. That party must complete it before service." Rule 45 goes on to
9  require that "[i]f the subpoena commands the production of documents...then before it is served
10 on the person to whom it is directed, a notice and a copy of the subpoena must be served on each
11 party." Fed. R. Civ. P. 45(a)(4). "Any person who is at least 18 years old and not a party may
12 serve a subpoena." Fed. R. Civ. P. 45(b)(1). "Serving a subpoena requires delivering a copy to
13 the named person and, if the subpoena requires that person's attendance, tendering the fees for 1
14 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1). A party is required to
15 tender witness fees if the subpoena commands that person's personal attendance (and not just the
16 production or inspection of documents, electronically stored information or other tangible
17 things). Fed. R. Civ. P. 45(b)(1).

18 While the personal service requirement is not explicit in Rule 45, the majority of courts to
19 consider the issue, including the Ninth Circuit in an unpublished decision, have held that
20 personal service of a subpoena duces tecum is required. *See Chima v. U.S. Dep't. of Defense*, 23
21 Fed. Appx. 721, 2001 WL 1480640, at * 2 (9th Cir. Dec. 14, 2001); *see also Newell v. County of*
22 *San Diego*, No. 12CV1696-GPC (BLM), 2013 WL 4774767, at * 2-3 (S.D. Cal. Sept. 5, 2013);
23 *Prescott v. County of Stanislaus*, No. 1:10-cv-00592 JLT, 2012 WL 10617, at * 2-3 (E.D. Cal.
24 Jan. 3, 2012).

25 Most courts have held that under 28 U.S.C. § 1915(c), the U.S. Marshal is required to
26 serve an indigent party's subpoena duces tecum. *See, e.g.*, *Schultz v. Cal. Dep't of Corr. and*
27 *Rehab.*, No. 1:11-cv-00988-LJO-MJS (PC), 2014 WL 2526505, at * 1 (E.D. Cal. June 4, 2014)
28 ("Subject to certain requirements, a pro se plaintiff proceeding in forma pauperis is entitled to

1  issuance of subpoena to depose a nonparty, Fed. R. Civ. P. 45, and to service of the subpoena by
2  the United States Marshal"); *Heilman v. Lyons*, No. 2:09-cv-2721 KJN P, 2010 WL 5168871
3  (E.D. Cal. Dec. 13, 2010) (citation omitted) ("Because plaintiff is proceeding in forma pauperis,
4  he is generally entitled to obtain service of a subpoena duces tecum by the United States
5  Marshal"); *Davis v. Ramen*, No. 1:06-cv-01216-AWI-SKO PC, 2010 WL 1948560 (E.D. Cal.
6  May 11, 2010); *Williams v. Calderon*, No. 1:03-cv-05389-LJO DLB (PC), 2008 WL 3009872
7  (E.D. Cal. Aug. 1, 2008). The majority of courts, including the Ninth Circuit, however, still hold
8  that the indigent litigant is responsible for tendering applicable witness fees. *See Dixon v. Ylst*,
9  990 F.2d 478, 480 (9th Cir. 1993) (citing *Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989)).

10  Finally, a subpoena duces tecum is limited by the relevance standard set forth in Rule
11  26(b)(1) ("[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to
12  any party's claim or defense").

13  Plaintiff's motions for the issuance of subpoenas (Docs. # 52, # 55, # 67) are therefore
14  **GRANTED IN PART AND DENIED IN PART**. Plaintiff's request in Doc. # 52 for the
15  issuance of subpoenas to defendant Olivas and Correctional Officer Allen is **DENIED AS**
16  **MOOT**. The Clerk is directed to **ISSUE** eleven blank subpoenas to Plaintiff. Plaintiff is directed
17  to fill out the subpoenas and return them to the court within **thirty days** of the date of this Order.
18  If any of the subpoenas require the attendance and testimony of a witness (for an oral deposition
19  under Federal Rule of Civil Procedure 30 or deposition by written questions under Federal Rule
20  of Civil Procedure 31), Plaintiff is required to submit the applicable witness fees along with the
21  completed subpoenas. The court will then transmit the subpoenas and accompanying witness
22  fees to the U.S. Marshal for service. Plaintiff must likewise serve a copy of the subpoenas on
23  Defendants. To be clear, no subpoena requiring the attendance and testimony of a witness will be
24  served by the U.S. Marshal unless it is accompanied by the applicable witness fees. Plaintiff is
25  also reminded that any subpoena must be relevant to a claim or defense asserted in this action.
26  Fed. R. Civ. P. 26(b)(1).

27  **IT IS SO ORDERED**.
    July 14, 2014.
28                                                              _____
                                                                WILLIAM G. COBB
                                                                UNITED STATES MAGISTRATE JUDGE