1

2

3

4

5

6

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

7   REGINALD McDONALD,                )          3:13-cv-00240-MMD-WGC
                                       )
8            Plaintiff,                )          **ORDER**
                                       )
9        vs.                           )
                                       )          **Re:  Doc. # 81**
10  OLIVAS, et al.,                    )
                                       )
11           Defendants.               )
    _____)

12

13          Before the court is Plaintiff's combined filing Motion to Inform and Motion to Inquire. (Doc.

14  # 81.)[1]  The motions pose numerous questions to the court, most of which will be addressed at the next

15  status conference the court will conduct in this matter.  The courtroom administrator will schedule a

16  conference as soon as the court's calendar will accommodate a hearing.  In the meantime, the court will

17  address two matters contained in Plaintiff's motions.

18  **I.      Permission to Supplement Defendants**

19          Plaintiff requests leave to add "A.A. II Aurelia Ewing" as a defendant. Plaintiff states he has not

20  exhausted his grievance process against Ms. Ewing. (Doc. # 81 at 3.)  The request for permission to

21  supplement his complaint by adding a new party defendant is denied without prejudice.  Under Local

22  Rule 15-1, the procedure Plaintiff should utilize should he seek to add a new party, is to submit a

23  proposed amended complaint under cover of a motion for leave to amend. L.R. Rule 15-1 requires that

24  an amended complaint be complete in itself without reference to any prior pleading. This is because, as

25  a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55,

26  57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any

27  function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and

28

_____

        [1] Refers to court's docket number.

1    the involvement of each defendant must be sufficiently alleged.

2        Although the court recently extended certain deadlines in this case (*See* Minutes of the Court,

3    Doc. # 84), the deadline for amending the complaint (July 7, 2014) had already passed. (Scheduling

4    Order, Doc. # 40 at ¶2.) Therefore, Plaintiff's motion to amend, if any, will also have to provide the court

5    with an explanation why any motion for leave to amend was not filed prior to the expiration of the

6    deadline.

7        While the court is not expressing any opinion on the pre-litigation requirements of exhaustion

8    of administrative remedies, the Plaintiff is advised that the Court of Appeals for the Ninth Circuit has

9    ruled the Prison Litigation Reform Act requires exhaustion as a precondition to filing a § 1983

10   conditions of confinement suit. *Cano v. Taylor*, 739 F.3d 1214, 1219 (9th Cir. 2014) (citation omitted);

11   *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (*per curiam*).

12       Plaintiff's request for permission to supplement defendants (Doc. # 81 at 3) is **DENIED**

13   **WITHOUT PREJUDICE.**

14   **II.    Inspection of Confidential Documents**

15       Plaintiff represents that despite assurances from the Attorney General's Office he would be

16   afforded an opportunity to view confidential aspects of Defendants' discovery productions (*see*

17   Defendants' Limited Non Opposition to Motion to Request Extension of Discovery, Doc. # 77 at 3), he

18   claims he has been thwarted from doing so. Plaintiff references numerous kites, request forms,

19   conversations with case workers, emergency grievances, etc., wherein he requested to review his medical

20   records and confidential discovery.

21       The Defendants state they "have made arrangement for Plaintiff to view his discovery in the law

22   library instead of a case worker's office." (*Id*.) The delay in implementing this review procedure may

23   very well be, as Defendants stated, that Plaintiff may not be making "allowance for the time it takes for

24   his correspondence to be processed by the facility and mailed out and then received by the Attorney

25   General's Office, processed, and responded to." (Doc. # 77 at 3.)  Whatever the explanation, however,

26   it appears the Attorney General's intervention is necessary to ensure Plaintiff is afforded the opportunity

27   to review confidential discovery not provided directly to Plaintiff.  The Attorney General's Office shall

28   also ensure Plaintiff has a reasonable opportunity to view any case documents maintained in the

1   Warden's Office.

2         The remaining components of Plaintiff's Motion to Inform and Motion to Inquire (Doc. # 81) will

3   be addressed at a subsequent status conference.

4   IT IS SO ORDERED.

5   DATED:  August 4, 2014.

6                                                                                                    _____

7                                                                                                    WILLIAM G. COBB
                                                                                                       UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28