1
2
3
4   UNITED STATES DISTRICT COURT
5   DISTRICT OF NEVADA
6   REGINALD MCDONALD,                          3:13-cv-00240-MMD-WGC
7                       Plaintiff,              **ORDER**
8       v.
9   OLIVAS, et. al.,
10                      Defendants.

11   On July 14, 2014, the court issued an order regarding Plaintiff's various requests for the issuance of subpoenas. (Doc. # 71.)[1] In this order, the court directed the Clerk's Office to issue Plaintiff eleven blank subpoenas so that service could be effectuated by the United States Marshal's Office. (*Id*.) The court advised Plaintiff that he needed to fill them out and return them to the court within thirty days, and if they required the attendance and testimony of a witness (for an oral deposition under Federal Rule of Civil Procedure 30 or deposition by written questions under Federal Rule of Civil Procedure 31), Plaintiff was required to submit the applicable witness fees along with the completed subpoenas. (*Id*.)

The Clerk's Office received eleven subpoenas addressed to the individual's identified in Plaintiff's motions; however, Plaintiff did not provide the addresses for any of the individuals. In addition, the subpoena form allows the subpoenaing party to check a box indicating whether the person is commanded to appear to testify at a deposition and/or to produce documents, electronically stored information or objects. In each of the eleven subpoenas, Plaintiff checked the box for the production of documents only, but also stated that a deposition would be taken by "interrogatories & admissions."

A deposition "by interrogatories & admissions" is not contemplated by the Federal Rules

---

[1] Refers to court's docket number.

of Civil Procedure for a non-party witness. While a party may serve interrogatories or requests for admission on another party, as the court previously advised Plaintiff, for a non-party witness, Plaintiff has the following options by utilizing a subpoena under Federal Rule of Civil Procedure 45: (1) oral deposition (Fed. R. Civ. P. 30); (2) deposition by written questions (Fed. R. Civ. P. 31); and (3) a request for the production of documents, electronically stored information or objects (Fed. R. Civ. P. 45(a)(1)(A)(iii), (C)).

Therefore, **IT IS HEREBY ORDERED** that the **Clerk RETURN** the eleven subpoenas to Plaintiff and **ISSUE** Plaintiff eleven new blank subpoenas. Plaintiff is directed to fill out the subpoenas, including the full name and address of each intended recipient; to indicate whether he intends to conduct an oral deposition or deposition by written questions or seek the production of documents, electronically stored information or objects. Plaintiff must return the completed subpoenas to the court **WITHIN TWENTY-ONE DAYS OF THE DATE OF THIS ORDER.** If Plaintiff intends to command the appearance of the witness to testify, he must submit the required witness fees along with the completed subpoenas or the court will not forward them on to the United States Marshal's Office for service. If Plaintiff only seeks the production of documents, he is not required to tender any witness fees; however, he is required to include an attachment setting forth, with specificity, the documents sought.

Finally, if Plaintiff intends to conduct a deposition by written questions, he is advised to consult the procedural mechanism for doing so in Federal Rule of Civil Procedure 31. He is further reminded that he must serve a copy of the subpoenas on opposing counsel, and that any subpoena must be relevant to a claim or defense asserted in this action. Fed. R. Civ. P. 26(b)(1).

**IT IS SO ORDERED**.

DATED: August 19, 2014

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE