UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| REGINALD McDONALD, | ) | 3:13-cv-00240-MMD-WGC |
| Plaintiff, | ) | **MINUTES OF PROCEEDINGS** |
| vs. | ) | August 18, 2014 |
| OLIVAS, *et al.*, | ) | |
| Defendants. | ) | |

PRESENT:  <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:  <u>  Katie Lynn Ogden  </u>  REPORTER: <u>              FTR              </u>

COUNSEL FOR PLAINTIFF:  <u>  Reginald McDonald, In Pro Per (Telephonically)  </u>

COUNSEL FOR DEFENDANTS:  <u>  Benjamin Johnson, Esq.  </u>

**MINUTES OF PROCEEDINGS: Motion Hearing**

1:29 p.m.  Court Convenes.

      The court holds today's hearing to address Plaintiff's "Motion to Inform and Motion to Inquire" (Doc. # 81) and Plaintiff's second "Motion to Inform" (Doc. # 86).  Deputy Attorney General Johnson states that, although oral argument concerning Plaintiff's initial motion to inform (Doc. # 81) is scheduled for today, Defendants filed a written response early this afternoon (Doc. # 91). Although Plaintiff indicates he has not yet received copy of Defendants' response, the court proceeds to address the topics raised in Mr. McDonald's two motions to inform.

**I.**     **Plaintiff's "Motion to Inform and Motion to Inquire" (Doc. # 81) and Plaintiff's "Motion to Inform" (Doc. # 86)**

    **A.**     **Plaintiff's Motions to Inform - Topic One**

      The first issue addressed is Plaintiff's request for an audio recording of a telephonic conference that was held between Mr. McDonald and Mr. Johnson on July 16, 2014.  The court explains it does not have access to such conversations.  Mr. Johnson indicates he also does not have access to such a recording; therefore, one will not be produced to Plaintiff.

MINUTES OF PROCEEDINGS
3:13-cv-00240-MMD-WGC
Date: August 18, 2014
Page 2

### B. Plaintiff's Motions to Inform - Topic Two

Plaintiff's second topic is with regard to Mr. McDonald's anticipated release from Nevada Department of Corrections ("NDOC") in mid to late October and whether or not he will be provided the documents currently maintained in the warden's office that relate to this litigation. Mr. Johnson reports that he is not familiar with any NDOC policy regarding documents being provided to inmates once released, but indicates he will inquire with NDOC and advise both the court and Mr. McDonald the outcome of the inquiry.

### C. Plaintiff's Motions to Inform - Topic Three

The third topic raised by Mr. McDonald is whether or not he must remain in northern Nevada after being released. The court states that, insofar the United States District Court is concerned, Plaintiff does not need to reside in northern Nevada. However, the court cautions Mr. McDonald that if there are any requirements governed by Nevada Parole and Probation as to his release then he will need to abide by those requirements. Mr. McDonald states he is not being paroled but instead is completing the term of his sentence. Mr. Johnson states he is not aware of any requirements or stipulations imposed by the NDOC as to Mr. McDonald's release; however, he will also inquire as to this topic and inform Mr. McDonald.

### D. Plaintiff's Motions to Inform - Topic Four

Plaintiff's final topic is with regard to Plaintiff's ability to review discovery produced by Defendants. The court notes this subject appears not only in Plaintiff's two motions to inform but is also subject to Plaintiff's "Motion to Appeal Order (Dated July 14, 2014)" (Doc. # 72), which the court is interpreting as a motion for the Magistrate Judge to reconsider the Order entered as Doc. # 69.

The court reviews Defendants' response to Plaintiff's motion to appeal order (Doc. # 90). Attached to the response is a log sheet titled "Inmate Chart Review Documentation" that illustrates Plaintiff has been afforded multiple opportunities to review discovery materials in this matter.

Mr. McDonald acknowledges that he has recently been provided time to review the discovery produced in this matter. However, Mr. McDonald indicates that he has only been allowed two (2) hours to review his medical file which he believes is insufficient time for an adequate review of the file.

Mr. Johnson indicates Mr. McDonald is currently being afforded the opportunity to review general discovery documents in the law library two (2) times a week. Mr. Johnson

MINUTES OF PROCEEDINGS
3:13-cv-00240-MMD-WGC
Date: August 18, 2014
Page 3

explains Mr. McDonald has only submitted a request to review his medical files in the same fashion he has been afforded to his review general discovery documents.  Mr. Johnson has been informed by Northern Nevada Correctional Center ("NNCC") that such an arrangement cannot be made because it is too staff intensive to accommodate such a request.  Again, Mr. Johnson indicates Mr. McDonald has not requested a specific amount of time to review his medical records, other than he be afforded to do so every week.

The court explains it cannot order NNCC to accommodate Plaintiff's request; however, Mr. Johnson is directed to produce all of Plaintiff's relevant medical records (from 9/15/2011 forward), including medical kites of which Defendants are in possession of.[1]  The documents shall be bates stamped and lodged with NNCC in an expeditious manner.  Mr. Johnson shall also communicate with Mr. McDonald where specially he should kite to review these extracted records.[2]  Mr. McDonald shall be afforded an additional three (3) hours to review his medical records once they are produced by the Defendants.  The court rules that Defendants are not obligated to transcribe or interpret any of the medical records produced in this matter.

In view of the Defendants producing Plaintiff's relevant medical documents, it is the court's observation that many of the disputes raised in Plaintiff's "Motion to Compel" (Doc. #66) may be resolved.  However, at this time, the court nor Defendants' counsel are prepared to discuss the motion to compel.  The court schedules a motion hearing to address Plaintiff's motion to compel for **Tuesday, August 26, 2014, at 1:30 p.m.**

### II. Discussion Re: Defendants' Supplemental Notice of Acceptance of Service (Doc. # 89)

The court and parties discuss the status of certain Defendants in this matter.  The court indicates it is acceptable for Mr. Johnson to file a joinder to the answer (Doc. # 61) as to defendant Julliette Roberson.  Ms. Roberson would therefore replace one of the earlier fictitious named Defendants.

Additionally, in view of the continued confusion as to the "John Doe Psychologist," and because Plaintiff asserts claims of denial of medical and psychological care, Defendants' production of Plaintiff's medical file for inspection by Plaintiff shall also include relevant

---

[1] The Pershing General Hospital medical records, if not already included, shall be provided in Defendants' production of Plaintiff's medical file.  If necessary, Mr. Johnson shall provide Mr. McDonald with a medical authorization form for him to sign to allow Mr. Johnson access to these medical records.

[2] The court deems it reasonable for Plaintiff to possess any medical kites that he submitted to review his medical records.

MINUTES OF PROCEEDINGS
3:13-cv-00240-MMD-WGC
Date: August 18, 2014
Page 4

psychological records.  Should the Defendants object to this court's order to produce Plaintiff's psychological records, they shall file a motion for protective order.  Plaintiff has no objection to including his psychological records (post 9/15/2011) in his extracted records.

### III.     Discussion Re: Plaintiff's "Motion to Appeal Order (Dated July 14, 2014)" (Doc. # 72)

The court reiterates that Plaintiff's "Motion to Appeal Order (Dated July 14, 2014)" (Doc. # 72) is being interpreted by the court as a motion for the Magistrate Judge to reconsider the Order entered as Doc. # 69.

The court inquires whether the subjects of Plaintiff's motion to appeal have been resolved as a result of today's discussions.  In view of the court's order that Defendants produce Plaintiff's relevant medical and psychological records for inspection, it is the court's observation that Plaintiff's complaints in his motion to appeal have been addressed during today's discussions.

Mr. McDonald agrees the topics identified in his motion to appeal have been addressed during today's hearing.  Mr. McDonald withdraws his "Motion to Appeal Order (Dated July 14, 2014)" (Doc. # 72).

In view of Mr. McDonald representations, Plaintiff's "Motion to Appeal Order (Dated July 14, 2014)" (Doc. # 72) is **WITHDRAWN** and **DENIED as moot**.

2:44 p.m.  Court adjourns.

**IT IS SO ORDERED.**

                                                LANCE S. WILSON, CLERK

                                                By:  _____/s/_____
                                                     Katie Lynn Ogden, Deputy Clerk