UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| REGINALD McDONALD, | ) | 3:13-cv-00240-MMD-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF PROCEEDINGS** |
| | ) | |
| vs. | ) | August 26, 2014 |
| | ) | |
| OLIVAS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

PRESENT:  <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:  <u>  Katie Lynn Ogden  </u>  REPORTER:  <u>            FTR            </u>

COUNSEL FOR PLAINTIFF:  <u>  Reginald McDonald, In Pro Per (Telephonically)  </u>

COUNSEL FOR DEFENDANTS:  <u>  Benjamin Johnson, Esq. (Telephonically)  </u>

**MINUTES OF PROCEEDINGS: Motion Hearing**

1:37 p.m.  Court convenes.

The court convenes to address "Plaintiff's Motion to Compel Discovery" (Doc. # 66), Defendants' response (Doc. # 75) and Plaintiff's reply (Doc. # 87).

**Request for Production of Documents No. 2**

<u>Plaintiff's request:</u>  Any and all documents, including, but not limited to use of force reports, created by any Lovelock Correctional Center staff members or any other Nevada Department of Corrections employee or official (i.e. Investigator/Inspector General and Attorney General, etc.) concerning any use of force incident involving Plaintiff and Inmate Ramirez, NDOC #1005583, on or about September 15, 2011, or any investigations or actions concerning that incident.

**Order:** Objection sustained in part and overruled in part.  The court agrees the documents responsive and produced for this discovery production request are confidential in nature and should be maintained in the Warden's office.  However, the court voices its concern regarding the limited number of documents produced.  Therefore, Deputy Attorney General Benjamin Johnson is directed to further investigate whether additional documents are responsive to this discovery production request.  Should Mr. Johnson uncover additional documents responsive to this request, he shall file a notice with the court and explain what supplemental documents are

MINUTES OF PROCEEDINGS
3:12-cv-00240-MMD-WGC
Date: August 26, 2014
Page 2

being produced.

### Request for Production of Documents No. 3

<u>Plaintiff's request</u>:  Inmate Ramirez's NDOC #1005583: Notice of Charges (for September 15, 2011 incident), complete NDOC disciplinary history, medical records (re: September 15, 2011 incident), any and all documented (sworn or unsworn) interview, investigation, use of force report, etc., gang affiliation and/or validation.

**Order:** Objection overruled.  Any investigative materials concerning inmate Ramirez (NDOC #1005583) related to this incident are discoverable and shall be produced for Plaintiff's inspection in the Warden's office.

### Request for Production of Documents No. 4

<u>Plaintiff's request</u>:  Any and all recording, video images, pictures, etc. related to September 15, 2011 incident (ie. all surveillance camera recording in or round Phase (2) Two chow hall at LCC and in or around LCC's infirmary.)

**Order:** Objection sustained to the extent Defendants' counsel represents he will confirm once more with the institution that there are no further recordings, video images, pictures, etc. responsive to this production request other than the documents already produced to Plaintiff. Should Mr. Johnson uncover additional documents responsive to this request, he shall file a notice with the court and explain what supplemental documents are being produced.

### Request for Production of Documents No. 5

<u>Plaintiff's request</u>:  Plaintiff's complete medical records from local hospital where Plaintiff was taken via ambulance from LCC, September 15, 2011.

**Order:** This production request of documents has been resolved pursuant to court order dated 8/18/2014 (Doc. # 94).

### Request for Production of Documents No. 7

<u>Plaintiff's request</u>:  Any and all grievances, complaints or other documents received by NDOC or NDOC official (ie, Investigator/Inspector General, Attorney General, etc.) for all officers' names requested (especially Defendants Ball, Bennett, Mullins & Scott) from item 6 above, concerning the mistreatment of Inmates and any and all misconduct of any documentation, investigation file, etc. created to respond to complain.

MINUTES OF PROCEEDINGS
3:12-cv-00240-MMD-WGC
Date: August 26, 2014
Page 3

**Order:** This production request of documents has been resolved pursuant to Defendants' counsel's representation that the grievances against all named defendants in this case are being produced and were sent on Monday, August 25, 2014.

### Request for Production of Documents No. 8

<u>Plaintiff's request</u>: Former Correction Officer Cesar Olivas' documented shotgun training records, certificate, verification, etc. concerning being assigned a shot gun and live rounds to secure LCC gun post.

**Order:** Objection overruled. Documents responsive to this request are to be produced the Warden's office for Plaintiff's review.

The court addresses this discovery dispute in further detail with the parties and reviews its discussion regarding Defendants' misapplication of *Turner v. Safley* raised in the matter of *Manley vs. Zimmer, et al*, Case No. 3:11-cv-00636-RCJ-WGC (Doc. # 134). The court reiterates its analysis from that order for today's record :

> Preliminarily, the court finds that Defendants' application of *Turner v. Safley*, 482 U.S. 78 (1987), to this discovery dispute is misplaced. *Turner* involved the Supreme Court's determination of the *constitutionality* of certain prison regulations where a class of inmates had challenged regulations related to inmate marriage and inmate-to-inmate correspondence. *Id*. at 81. This action does not involve a challenge to the constitutionality of the regulations providing for the confidentiality of prison employee personnel and grievance files which would trigger an analysis under *Turner*. Instead, this action centers on Plaintiff's claims of excessive force and failure to protect under the Eighth Amendment and related supervisory liability claims. The regulations concerning the confidentiality of prison employee personnel and grievance records have only become relevant in connection with a *discovery* dispute. Defendants were not able to provide, nor is the court aware, of any authority applying *Turner* to the assertion of a privilege in connection with a discovery dispute in a civil rights action brought under section 1983. Instead, the court finds this discovery dispute, like any other, is governed by the Federal Rules of Civil Procedure and case authority interpreting those rules.9

The court further states for the record and taken from footnote 9 in the *Manley* order (Case No. 3:11-00636-RCJ-WGC, Doc. # 134, pg. 20):

MINUTES OF PROCEEDINGS
3:12-cv-00240-MMD-WGC
Date: August 26, 2014
Page 4

> This does not mean the court will disregard Defendants' theory of why the documents should not be produced (though misapplied under *Turner)* in its entirety. As set forth below, in analyzing an assertion of the official information privilege, the court must engage in a balancing analysis to determine whether the potential benefits of disclosure outweigh the potential disadvantages. Defendants' *Turner* analysis includes a discussion of the disadvantages of disclosure, *i.e.* the safety and security risks attendant to disclosure of these documents.  The court will therefore take these arguments into account in its analysis below.

The court explains that, consistent with its analysis in the *Manley* matter, it has analyzed this matter similarly, and the *Turner* analysis does not govern the discoverability as to Mr. McDonald's Request for Production of Documents No. 8 concerning training materials related to use of force and use of weapons.

### Request for Production of Documents No. 9

Plaintiff's request:  Plaintiff's NDOC medical appointments (interdepartmental and outside care providers) doctors notes, medication prescribed, etc. from September 26, 2011 to time of this request.  (Note: Plaintiff reviewed his medical records, but they were completely unlegbile.  Defendant Brockway refused to interpret records – so Plaintiff could not take notes. Plaintiff is requesting unlegible medical records be typed.

**Order:**  This production request of documents has been resolved pursuant to court order dated 8/18/2014 (Doc. # 94).

### Request for Production of Documents No. 10

Plaintiff's request:  Produce Inmate names and NDOC # for "all" Inmates housed in unit 4B at Lovelock Correctional Center on September 14th and 15th, 2011.

**Order:** Resolved.

### Request for Production of Documents No. 11

Plaintiff's request:  Produce names and NDOC # for "all" Inmates who worked at LCC's culinary the 15th day of September, 2011.

**Order:** Resolved.

MINUTES OF PROCEEDINGS
3:12-cv-00240-MMD-WGC
Date: August 26, 2014
Page 5

     **Request for Production No. 13**

     <u>Plaintiff's request:</u>  Produce any and all notes, letters, request, etc. that Plaintiff wrote while he was hospitalized at Renown Medical Center.

     **Order:** Objection sustained to the extent Defendants' counsel shall investigate if there is a better quality copy of document Bates stamp NDOC 00223-00224, if so the document shall be produced to Plaintiff.  Furthermore, Defendants' counsel shall search for any additional documents (i.e. written notes from Mr. McDonald while hospitalized at Renown Medical Center) that are responsive to this production request.  Mr. Johnson is directed to clarify with the court by filing a notice where the additional documents responsive to this production request are found, if uncovered at all.

     **Request for Production No. 15**

     <u>Plaintiff's request:</u>  Produce medical directive 707 and Administrative Regulation (for NDOC): 404, 339, 362, 405, 704, 432, 458, 457, 454, 420, 423, 619, 630, 153, 412, 425, 460, 643, 904, 907, 908, 913, ... thus all relevant for September 15, 2011.

     **Order:** Objection sustained.  The documents produced as to this request resolves Plaintiff's discovery request.

     Consistent to the discussions had today, "Plaintiff's Motion to Compel Discovery" (Doc. # 66) is **GRANTED in part and DENIED in part**.

**IT IS SO ORDERED.**

2:30 p.m.  Court adjourns.

                                        LANCE S. WILSON, CLERK

                                        By:            /s/
                                              Katie Lynn Ogden, Deputy Clerk