UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| REGINALD MCDONALD, | 3:13-cv-00240-MMD-WGC |
| Plaintiff, | **ORDER** |
| v. | |
| OLIVAS, et. al., | |
| Defendants. | |

Before the court is Plaintiff's Motion to Address Matters Related to Blank Subpoenas. (Doc. # 96.)[1]

On July 14, 2014, the court issued an order regarding Plaintiff's various requests for the issuance of subpoenas. (Doc. # 71.) The court directed the Clerk's Office to issue Plaintiff eleven blank subpoenas so that service could be effectuated by the United States Marshal's Office, and advised Plaintiff he needed to fill the subpoenas out and return them to the court within thirty days, and if the subpoena required the attendance and testimony of a witness (for an oral deposition under Federal Rule of Civil Procedure 30 or deposition by written questions under Federal Rule of Civil Procedure 31), Plaintiff was required to submit the applicable witness fees along with the completed subpoenas.

The Clerks' Office subsequently received eleven subpoenas addressed to the individuals identified by Plaintiff; however, Plaintiff did not provide the addresses for any of the individuals indicated that he sought the production of documents only while simultaneously stating that a deposition would be taken by "interrogatories & admissions."

On August 19, 2014, the court issued an order advising Plaintiff that a deposition by "interrogatories and admissions" is not contemplated by the Federal Rules of Civil Procedure for

---

[1] Refers to court's docket number.

a non-party witness; that a party may only serve interrogatories or requests for admission on another party; and that for a non-party witness, he has the following options by utilizing a subpoena under Rule 45: (1) oral deposition (Fed. R. Civ. P. 30); (2) deposition by written questions (Fed. R. Civ. P. 31); and (3) request for production of documents, electronically stored information or objects (Fed. R. Civ. P. 45(a)(1)(A)(iii), (C)). (Doc. # 92.) As such, the court ordered the Clerk to return the eleven subpoenas to Plaintiff and issue eleven new blank subpoenas. The court directed Plaintiff to fill them out, including the full name and address of the intended recipients, and to indicate whether he intends to conduct an oral deposition, deposition by written questions or seek the production of documents, electronically stored information or objects, and return the completed subpoenas to the court within twenty-one days. Plaintiff was reminded that if he intends to command the appearance of a witness to testify he must submit the required witness fees along with the completed subpoenas. He was given additional instructions to comply with the Federal Rules of Civil Procedure.

On September 3, 2014, Plaintiff filed the instant motion stating: (1) he does not have most full names or addresses for the intended subpoena recipients; (2) he cannot pay the witness fees to conduct a deposition by written question under Rule 31; (3) he does not know of a way he can utilize a request for production of documents to obtain eyewitness accounts of an incident by a non-party; (4) the intended subpoena recipients are or were NDOC employees and thought that Defendants would depose them because "they're representing NDOC;" (5) he does not have the means to pay witness fees, and therefore will not be returning the completed subpoenas within the allotted time. (Doc. # 96.)

First, the court cannot order the United States Marshal to serve a subpoena without the party providing the intended recipient's full name and address.

Second, the court acknowledges that Plaintiff, an indigent inmate proceeding in forma pauperis, does not have the funds to tender the witness fees to proceed either with an oral deposition or deposition by written questions under Rules 30 and 31; however, as the court previously advised Plaintiff, the Ninth Circuit has held that while the court may order the service of a subpoena by the United States Marshal, the indigent litigant is still responsible for tendering

1  the applicable witness fees. *See Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993) (citation
2  omitted). Plaintiff is permitted to send in the completed subpoenas when he acquires the required
3  funds; however, he must do so within the time parameters for the completion of discovery set
4  forth in the applicable scheduling order.
5      Third, the court has no control over whom the Defendants choose to depose in this case,
6  but notes that the Attorney General's Office only represents the defendants who have been named
7  in this action, and not all NDOC employees.
8      Finally, Plaintiff's document, which has been styled as a motion, seeks no specified relief;
9  therefore, it is **DENIED**.
10  September 17, 2014.

                                WILLIAM G. COBB
                                UNITED STATES MAGISTRATE JUDGE