# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | | |
|---|---|---|
| REGINALD MCDONALD, | ) | 3:13-cv-00240-MMD-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF PROCEEDINGS** |
| | ) | |
| vs. | ) | October 30, 2014 |
| | ) | |
| OLIVAS, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

PRESENT:   <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   <u>Katie Lynn Ogden</u>   REPORTER:   <u>                    FTR                    </u>

COUNSEL FOR PLAINTIFF:   <u>Reginald McDonald, In Pro Per (Telephonically)          </u>

COUNSEL FOR DEFENDANTS:   <u>Benjamin Johnson, Esq. (Telephonically)          </u>

**MINUTES OF PROCEEDINGS: Motion Hearing**

10:29 a.m.   Court convenes.

In light of Mr. McDonald's quickly approaching release from custody, the court addresses a series of motions.

Plaintiff advises the court that a date has yet to be determined for his release but upon his release he is unsure of his living arrangements.  The court reminds Plaintiff when he has information regarding his address he will need to keep the court informed by filing a change of address in writing pursuant to LSR 2-2.

**A.**      **Plaintiff's "Motion Requesting Extension of Time to "Reply" to Defendants Opposition to Motion to Compel" (Doc. # 127)**

Plaintiff requests leave of the court to file an additional reply memorandum to his original reply brief (Doc. # 126) regarding his motion to compel (Doc. # 103).  Plaintiff explains,  in view of the Defendants' response (Doc. # 122), he would like the opportunity to address all matters in which he contends have been misrepresented to the court.  Deputy Attorney General Benjamin Johnson indicates Defendants have no objection.

1

Minutes of Proceedings
3:13-cv-00240-MMD-WGC
Date: October 30, 2014

Good cause appearing, Plaintiff's "Motion Requesting Extension of Time to "Reply" to Defendants Opposition to Motion to Compel" (Doc. # 127) is **GRANTED**.  Plaintiff shall have up to and including **Friday, November 7, 2014**, to file his supplemental reply memorandum.

**B.     Plaintiff's "Motion to Inquire and Request Court Order" (Doc. # 114) and Plaintiff's "Motion to Clarify (Judicial Notice)" (Doc. # 116)**

The court indicates for the record Plaintiff's motion (Doc. # 114) was supplemented by his later motion (Doc. # 116), which will be addressed simultaneously.

Plaintiff contends it remains unclear what documents will be provided to him upon his release.  It is Plaintiff's position that Defendants' non-opposition (Doc. # 124) to his motion (Doc. # 114) did not specifically state what materials will be provided to him.

After discussion with the parties, it is determined that the following documents will be provided to Mr. McDonald upon his release: (1) batestamped copies of Plaintiff's medical records that the Attorney General's Office sent to Northern Nevada Correctional Center ("NNCC"); (2) the X-Ray copies intercepted by NNCC sent by an external source; and (3) discovery that was previously sent to the Warden's office and is currently stored in the law library.[1]  The court requests Mr. Johnson to contact the deputy clerk Ms. Ogden immediately should any of the documents identified above not be provided to Mr. McDonald upon his release due to unforseen restrictions.

Therefore, Plaintiff's "Motion to Inquire and Request Court Order" (Doc. # 114) and Plaintiff's "Motion to Clarify (Judicial Notice)" (Doc. # 116) are **GRANTED** consistent with the discussions had between the court, counsel and Mr. McDonald relating to the delivery of the identified discovery documents.

**C.     Plaintiff's "Motion to Supplement Defendants; Per FRCP 15" (Doc. # 107)**

The court interprets Plaintiff's motion (Doc. # 107) as a motion to amend the complaint, which would essentially add two defendant's to the current action.  Plaintiff has identified the two defendants as Associate Warden Ron Schreckengost and gang investigator James Keener.

The court and parties have discussions regarding Schreckengost and Keener involvement in this matter, specifically as to Plaintiff's eleventh claim for relief as addressed in the Screening Order (Doc. # 5).

---

[1] Mr. McDonald agrees to be provided the documents identified herein at the gate upon his release.

Minutes of Proceedings
3:13-cv-00240-MMD-WGC
Date: October 30, 2014

After hearing from the parties, the court states Plaintiff has failed to adequately allege the nature of the constitutional violations that would be asserted against Schrekengost and Keener. Furthermore, it is unclear what either Schrekengost or Kenner may likely add to the substance of Plaintiff's complaint.  Finally, the court indicates, not only has the deadline expired to amend the pleadings, Plaintiff has failed to properly submit an amended complaint pursuant to local rules. The court explains, LR 15-1 requires the moving party to attach the proposed amended pleading to any motion to amend, so that it is complete in itself without reference to the superseding pleading.

For the reasons stated above, Plaintiff's "Motion to Supplement Defendants; Per FRCP 15" (Doc. # 107) is **DENIED**.

**D.**     **Plaintiff's "Motion to Address Notice of Compliance with Court Order" (Doc. # 101)**

Plaintiff alleges Defendants "Notice of Compliance with Court Order" (Doc. # 98) does not fully comply with the court's order Doc. # 99.  The court addresses the following topics separately:

Medical Kites

The court is informed this topic is no longer at issue in light of Plaintiff being provided color copies of the medical kites from September 26 to November 25, 2011, and those after October 26, 2013.

Video Camera / Images

In view of Plaintiff's statement that this topic is partially subject to his pending motion to compel (Doc. # 103), the court will defer entering any order regarding this topic until Plaintiff's motion to compel is ripe for decision.

Grievances

Again, it appears this topic is subject to Plaintiff's motion to compel (Doc. # 103) and will be addressed when appropriate.  However, the court makes note that this topic appears to be overly broad, irrelevant and would essential involve the court in extraneous issues that would involve litigation of multiple claims beyond the claims allowed to proceed herein.

Minutes of Proceedings
3:13-cv-00240-MMD-WGC
Date: October 30, 2014

    <u>Inspector General File / Handwritten Notes</u>

       The court inquires whether IT has been able to recover any of the lost data from the investigation file.  Mr. Johnson indicates IT was not able to recover any lost data.  Again, this topic will be addressed when Plaintiff's motion to compel is ripe.  The court instructs Mr. Johnson to elaborate further on the details of this topic, including Keener's declaration and with regard to any hand written notes in a supplemental brief to Defendants' original response (Doc. # 122).

       In conclusion, Plaintiff's "Motion to Address Notice of Compliance with Court Order" (Doc. # 101) is **GRANTED** to the extent that the court has reviewed the Attorney General's notice of compliance Doc. # 98 as to court order Doc. # 99.  The Defendants are directed to file supplemental responses to the motion to compel no later than **Friday, November 7, 2014**.  The court requests that the Defendants' supplemental brief include a complete description of all the investigative materials that have been produced to Mr. McDonald.  Should any dispute(s) surface as a result of Defendants' supplemental brief, Plaintiff shall file a response no later than **Monday, November 17, 2014**.

**E.**      **<u>Plaintiff's "Motion to Request Extension of Discovery" (Doc. # 120)</u>**

       The court has discussion with Mr. McDonald regarding the status of obtaining counsel.  As of today's date, Mr. McDonald has not retained counsel but is hopeful he and perspective counsel will be able to negotiate a retainer agreement and ultimately retain him as counsel to litigate this matter.  The court requests Mr. McDonald to keep the court informed as to the status of retaining counsel.

       The court next addresses Plaintiff's motion for extension of time regarding discovery.  Pursuant to LR 26-4 any motion or stipulation to extend a deadline or to reopen discovery shall include: (1) a statement specifying the discovery completed; (2) a specific description of the discovery that remains to be completed; (3) the reason why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and, a proposed schedule for completing all remaining discovery.  The court notes Plaintiff has failed to identify prior requests for extensions of discovery deadlines and further failed to describe what discovery have been completed to date; however, the Defendants have done so in their opposition to Plaintiff's request (Doc. # 130).

       The court and parties have a general discussion regarding what discovery has been completed to date.

Minutes of Proceedings
3:13-cv-00240-MMD-WGC
Date: October 30, 2014

    Overall, the court indicates Plaintiff's motion to extend time regarding discovery is not in compliance with LR 26-4; therefore, Plaintiff's "Motion to Request Extension of Discovery" is **DENIED without prejudice**.  The Plaintiff may renew his motion for the court's consideration; however, it is necessary Mr. McDonald provide a general description of what discovery will be generated as a result of his further review of all discovery materials available to him.  Should the court grant additional time for discovery, the extension of time will be limited and Plaintiff's current proposal of a five (5) month extension will not be acceptable.  Plaintiff shall renew his motion no later than **Friday, November 14, 2014**.

    In view of Plaintiff's nebulous release date and if time permits before Mr. McDonald's release, the court requests Mr. Johnson continue to coordinate with NNCC to ensure Mr. McDonald receives extra time to review his medical records (specifically the batesstamped medical records).

    Additionally, the court requests Mr. Johnson to notify the court when Mr. McDonald is released.

**IT IS SO ORDERED.**

11:51 a.m.  Court adjourns.

                                        LANCE S. WILSON, CLERK

                                        By: _____/s/_____
                                              Katie Lynn Ogden, Deputy Clerk

5