# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

REGINALD McDONALD, ) 3:13-cv-00240-MMD-WGC
)
    Plaintiff, ) **ORDER**
)
  vs. )
) **Re: Doc. # 141**
OLIVAS, et al., )
)
    Defendants. )
_____ )

    Before the court is Plaintiff's entitled"Motion to Inform and Motion to Change Address," which was docketed twice, as a notice of change of address (Doc. # 140)[1] and motion for sanctions (Doc. # 141). Plaintiff's motion seeking sanctions (Doc. # 141 ) is before the court. Plaintiff complains he was not delivered the materials which the court directed be provided to him upon his release from Northern Nevada Correctional Center. In that regard, the minutes of the court reflect that the following documents and materials were to be delivered to Mr. McDonald when discharged from custody:

> (1) bates tamped copies of Plaintiff's medical records that the Attorney General's Office sent to Northern Nevada Correctional Center ("NNCC"); (2) the X-Ray copies intercepted by NNCC sent by an external source; and (3) discovery that was previously sent to the Warden's office and is currently stored in the law library.

Doc. # 139 at 1-2

    Following that hearing, the courtroom deputy was contacted on November 18, 2014, by counsel for the Defendants (Deputy Attorney General Johnson) and was advised, via a voice mail message, that "due to a miscommunication with the NNCC law library," Mr. McDonald was not provided the documents identified in Doc. ## 114, 116 upon his release. Mr. Johnson represents he was not aware of NDOC's (Nevada Department of Corrections's) failure to comply with the court order until after Mr. McDonald had been released.

---

[1] Refers to court's docket number.

1  Although the court understood that neither NDOC nor the Attorney General's office had a current
2  address for Mr. McDonald, the court directed both entities to undertake their utmost efforts to attempt
3  to locate Mr. McDonald and to provide him with the Doc. ## 114, 116 documents. Counsel for
4  Defendants was also directed to submit a status report to the court regarding this directive and
5  Defendants' efforts to comply with the court's October 30, 2013 Order in this respect no later than
6  November 28, 2014, or whenever Mr. McDonald is located and the documents are provided to him,
7  whichever occurs first.

8  On November 26, 2014, Defendants filed a notice that compliance with the court's order (#139)
9  had been effected. (Doc. # 142.) Defendants represented that the materials which were supposed to have
10 been provided to Plaintiff on discharge have since been delivered to him. Defendants' Notice of
11 Compliance with Court Order (#139) was served on Plaintiff at his new Record Street Address. (Doc.
12 # 142 at 3.) No response or reply to Defendants' Notice of Compliance has been submitted. Therefore,
13 the court assumes that Mr. McDonald is now in possession of the subject documents.

14 Plaintiff's motion seeks sanctions for the Defendants' non-compliance with the court's order.
15 (Doc. # 141 at 1.) The court is satisfied the oversight on the failure to release the records was inadvertent
16 and unintentional and that, in any event, counsel for Defendants promptly took steps to correct the
17 situation.

18 The component of Plaintiff's "Motion to Inform" (Doc. # 141) regarding the failure to provide
19 the documents is **DENIED AS MOOT** and the component seeking sanctions is **DENIED.**

20 **IT IS SO ORDERED.**

21 DATED: December 4, 2014.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE