# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| REGINALD McDONALD, | ) | 3:13-cv-00240-MMD-WGC |
| | ) | |
| Plaintiff, | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF U.S. MAGISTRATE JUDGE** |
| vs. | ) | |
| | ) | |
| OLIVAS, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | |

     This report and recommendation is made to the Honorable Miranda M. Du, United States District Judge.  The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4.

     The court recommends that Plaintiff's action be dismissed for failing to prosecute and abandoning this litigation.

## BACKGROUND

     Plaintiff commenced an action pursuant to 42 U.S.C. § 1983. (Doc. # 4.)[1]  After screening was completed, Plaintiff was allowed to proceed on various civil rights claims including averments of deliberate indifference to serious medical needs, retaliation, excessive force and conspiracy. (Doc. # 3.)  At the time Plaintiff commenced his action, he was an inmate in the custody of the Nevada Department of Corrections and housed at the Northern Nevada Correctional Center (NNCC). (*Id*).

     On November 14, 2014, Defendants' counsel informed the court that Plaintiff had been released from incarceration at NNCC. (Doc. # 137).  On November 21, 2014, Plaintiff filed a Notice of Change

---

[1] Refers to court's docket number.

1    of Address, advising that his new address was 335 Record Street, Reno, Nevada 89512. (Doc. # 140;

2    Plaintiff's Notice was combined with a Motion for Sanctions which was lodged by the Clerk's office

3    as Doc.# 141).[2]

4         On December 5, 2014, this court entered a minute order scheduling a hearing on various

5    discovery motions which had been filed by Plaintiff for December 19, 2014. (Doc. # 146; the docket

6    reflects a copy of the notice was mailed to the Record Street address Mr. McDonald had provided the

7    court). Plaintiff was advised via the minutes that if the date scheduled for the hearing was inconvenient

8    for him, he should notify the courtroom administrator at her court phone number. He did not do so. (*Id.*)

9         Plaintiff did not appear for the December 19, 2014 discovery hearing. (Doc. # 148). The court,

10   nevertheless, addressed Plaintiff's motion to compel which was granted in part and denied in part. The

11   minutes were mailed to Plaintiff's address on file. (*Id.*)

12        On January 21, 2015, the court entered an order granting the Defendants' motion (Doc. # 149)

13   to extend time to submit their supplemental discovery responses and file their notice of compliance.

14   (Doc. # 150.) The order, which was mailed to Plaintiff at his Record Street address, was returned to the

15   Court as "undeliverable" on March 17, 2015.  (Doc. # 155). The court has not received any notice of a

16   different address for Mr. McDonald.

17        On March 2, 2015, the court entered a minute order advising the parties that the court would be

18   scheduling a status conference on the case.  The order specifically informed Plaintiff that the court would

19   "discuss Plaintiff's intention with respect to the further prosecution of this matter and <u>Plaintiff's personal</u>

20   <u>appearance will be required</u>" (emphasis added).  The court further advised Plaintiff that"if Plaintiff fails

21   to appear for this status conference, the court will consider entering a Report and Recommendation

22   suggesting that the case should be dismissed under Fed. R. Civ. P. 41(b) for lack of prosecution.* * *"

23   (Doc. # 153.)

24        On March 5, 2014, the court entered a minute order scheduling a status conference for Monday,

25

26        [2] Plaintiff's motion for sanctions was Plaintiff's notice to the court certain medical records had not been provided
     to him upon his release, as the court had ordered be done. (Doc. # 139.) Defendants subsequently advised the court Plaintiff's
27   medical records and other documents had been mailed to Plaintiff and that Defendants' counsel had spoken with Plaintiff
     regarding the service of these documents. (Doc. # 142.) The court thereafter denied Plaintiff's motion for sanctions. (Doc.
28   # 145.)

1   March 23, 2014; a copy was mailed to Plaintiff at his address on file. (Doc. # 154).  The court's Notice

2   stated that Plaintiff's personal appearance at the hearing was required. (*Id.*) [3]

3       Plaintiff failed to appear at the court's hearing on March 23, 2015. Dependants' counsel advised

4   that their recent mailings to Plaintiff had also been returned as "undeliverable."  (Doc. # 156).

5       The docket reflects that Plaintiff had submitted no filings to the court subsequent to his

6   November 21, 2014 Notice advising the court of his release from incarceration and his new address.

7   (Doc. # 140.) Plaintiff's failure to appear for the March 23, 2014 status conference marked the second

8   time in which Plaintiff failed to be present for a court hearing.

9                                    **ANALYSIS**

10      Local Rule IA 4-1 allows the court to impose "any and all appropriate sanctions on an attorney

11  or party appearing in pro se who, without just cause, (a) fails to appear when required for pretrial

12  conference...." Plaintiff is also under an obligation to advise the court of his current address. L.S.R. 2-2;

13  the failure to do so "may result in a dismissal of the action with prejudice."

14      A dismissal of an action is justified if a party fails to comply with the court's rules and fails to

15  appear for court dates. Fed. R. Civ.P. 41(b);  *Salata v Weyerhaeuser Co.*, 757 F. 3d 695, 699-700 (7th

16  Cir. 2014).  The Seventh Circuit Court of Appeals noted in *Salata* that the "power to sanction through

17  dismissal is essential to the district courts' ability to manage efficiently their heavy caseloads and thus

18  protect the interest of all litigants." *Salata* at 699, citing *Roland v Salem Contract Carriers, Inc*. 811

19  F. 2d 1175, 1177-78 (7th Cir. 1987).

20      Except for a dismissal for lack of jurisdiction, improper venue or a failure to join a party under

21  Rule 19, a dismissal under Rule 41(b), "operates as an adjudication on the merits." *Costello v. United*

22  *States*, 365 U.S. 265-285, 286 (1961). Although this court may have stated at the March 23, 2015 status

23  conference that the report and recommendation it would prepare for this case could be for a dismissal

24  without prejudice, the court's closer scrutiny of Rule 41(b) suggests the dismissal, if one is entered,

25  should be with prejudice.

26  / / /

27

28      [3] To date, neither Doc. # 153 or Doc. # 154, which were mailed to Plaintiff at his address of record, have been
    returned as "undeliverable."

**CONCLUSION**

The Plaintiff has failed to appear for two court hearings. He has not kept the court informed of his current address.  He has not filed any papers with the court subsequent to his notice of release from custody and his motion for sanctions, which the court had to address in his absence.  He was informed that his failure to attend another status conference on the case would likely result in a recommendation that the action be dismissed.

**IT IS HEREBY RECOMMENDED** that the District Judge enter an Order dismissing Plaintiff's action with prejudice in accordance with Fed. R. Civ. P. 41(b).

The parties should be aware of the following:

1.      That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt.  These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.      That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

DATED: March 26, 2015

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE