**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

REGINALD McDONALD,                              )          3:13-cv-00240-MMD-WGC
                                                )
        Plaintiff,                        )
                                                )          **REPORT AND RECOMMENDATION**
    vs.                                      )          **OF U.S. MAGISTRATE JUDGE**
                                                )
OLIVAS, et al.,                                 )          **Re:  ECF No. 169)**
                                                )
        Defendants.                      )
_____)

This report and recommendation concerning Plaintiff's Motion for Reconsideration of the Court's Order of Dismissal for Lack of Prosecution (Electronic Case Filing (ECF) No. 169) is made to the Honorable Miranda M. Du, United States District Judge.  The action was referred to the Undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rules of Practice, LR IB 1-4, and the Order of District Judge Du (ECF No. 172).

The Court recommends that Plaintiff's motion for reconsideration of the order of dismissal be denied.

**I.       BACKGROUND**

Plaintiff commenced an action pursuant to 42 U.S.C. § 1983. (ECF No.4.)  After screening was completed, Plaintiff was allowed to proceed on various civil rights claims including averments of deliberate indifference to serious medical needs, retaliation, excessive force and conspiracy. (ECF No.3.) At the time Plaintiff commenced his action, he was an inmate in the custody of the Nevada Department of Corrections and housed at the Northern Nevada Correctional Center (NNCC).  (*Id*).

On November 14, 2014, Defendants' counsel informed the Court that Plaintiff had been released from incarceration at NNCC.  (ECF No.137.)  On November 21, 2014, Plaintiff filed a Notice of Change of Address, advising that his new address was 335 Record Street, Reno, Nevada 89512, i.e., the "Record

1   Street address." (ECF No.140; Plaintiff's Notice was combined with a Motion for Sanctions which was

2   lodged by the Clerk's office as ECF No. 141.)[1]

3       On December 5, 2014, this Court entered an order scheduling a hearing on various discovery

4   motions which had been filed by Plaintiff for December 19, 2014. (ECF No.146.) The docket reflects

5   a copy of the notice was mailed to the Record Street address Mr. McDonald had provided the Court.

6   Plaintiff was advised via the minutes that if the date scheduled for the hearing was inconvenient for him,

7   he should notify the courtroom administrator at her court phone number. He did not do so. (*Id*.)[2]

8       Plaintiff did not appear for the December 19, 2014 discovery hearing. The Undersigned

9   nevertheless addressed Plaintiff's motion to compel which was granted in part and denied in part. (ECF

10  No. 148.)  The minutes of proceedings for this hearing were mailed to Plaintiff at his Record Street

11  address, but were later returned as undeliverable (ECF No. 159).

12      On January 21, 2015, the Court entered an order granting the Defendants' motion (ECF No.149)

13  to extend time to submit their supplemental discovery responses and file their notice of compliance.

14  (ECF No.150.) The order, which was similarly mailed to Plaintiff at his Record Street address, was

15  returned to the Court as undeliverable.  (ECF No.155.)

16      On March 2, 2015, the Court entered an order advising the parties that the Court would be

17  scheduling a status conference on the case. (ECF No. 153.) The order specifically stated that the Court

18  would "discuss Plaintiff's intention with respect to the further prosecution of this matter and <u>Plaintiff's</u>

19  <u>personal appearance will be required</u>" (emphasis added).   The Court further advised Plaintiff that "if

20  Plaintiff fails to appear for this status conference, the Court will consider entering a Report and

21  Recommendation suggesting that the case should be dismissed under Fed. R. Civ. P. 41(b) for lack of

22  prosecution.* * *"  (ECF No.153.)  The order was returned as undeliverable. (ECF No. 160.)

23  _____

24      [1] Plaintiff's motion for sanctions (ECF No. 141) contained his notice to the Court certain medical records had not
    been provided to him upon his release from Northern Nevada Correctional Center, as the Court had ordered be done. (Order,

25  11/19/14, ECF No.139.) Defendants subsequently advised the Court Plaintiff's medical records and other documents had been
    mailed to Plaintiff and that Defendants' counsel had spoken with Plaintiff regarding the service of these documents. (ECF

26  No. 142.) The Court thereafter denied Plaintiff's motion for sanctions. (ECF No. 145.)

27      [2] Unlike many of the Court's future mailings to Plaintiff in care of his Record Street address which were
    subsequently returned as undeliverable, the Court did not receive any returned mail with respect to the December 5, 2014

28  notice. The Court assumes, therefore, Plaintiff received notice of the December 19, 2014 hearing on his discovery motions.

On March 5, 2014, the Court entered an order scheduling a status conference for Monday, March 23, 2014, again informing Plaintiff that his personal appearance at the hearing was required.. (ECF No. 154.) The order which was mailed to Plaintiff at his address on file, i.e., Record Street, was returned as undeliverable. (ECF No. 161.)

Plaintiff failed to appear at the Court's hearing on March 23, 2015. Dependants' counsel advised that Defendants' recent mailings to Plaintiff had also been returned as undeliverable. (ECF No. 156.) Plaintiff had submitted no filings to the Court subsequent to his November 21, 2014 Notice advising the Court of his release from incarceration and his new address. (ECF No. 140.)

Plaintiff's failure to appear for the March 23, 2014 status conference marked the second time in which Plaintiff failed to be present for a court hearing. As a result of Plaintiff's repeated non-appearances at court proceedings and the Court's inability to serve Plaintiff at his last known address (i.e., Record Street), the Undersigned entered a report and recommendation that Judge Du should dismiss Plaintiff's action with prejudice. (ECF No. 158.) No objections to the report and recommendation were filed; the report and recommendation was mailed to Plaintiff but was returned as undeliverable. (ECF No. 164.)

On May 11, 2015, afer undertaking a *de novo* review of the litigation and the report and recommendation, Judge Du entered an order adopting the report and recommendation and dismissed Plaintiff's action with prejudice. (ECF No. 165.) The Court's order was mailed to Plaintiff on the same date but was thereafter returned as undeliverable. (ECF No. 166.)

On October 30, 2015, the Court received a notice of change of address from Plaintiff from his Record Street address to the Clark County Detention Center (CCDC). (ECF No. 167.) Plaintiff's notice also included a "request for status" from Plaintiff.  In response to Plaintiff's request, the Undersigned directed the court clerk to mail Plaintiff a partial docket of entries subsequent to December 4, 2014, and copies of ECF Nos. 148, 153, 157, 158 and 165, which materials were sent to Plaintiff on November 3, 2015,  (ECF No. 168.)

On December 7, 2015, Plaintiff filed his objections and a motion to reconsider dismissing Plaintiff's complaint. (ECF No. 169.)  After briefing on Plaintiff's motion was complete, Judge Du on

3

May 4, 2016, interpreted Plaintiff motion as a motion for reconsideration of her order dismissing Plaintiff's action and referred the matter to the Undersigned. (ECF No. 172.)

In light of the referral and the nature of Plaintiff's motion, at the direction of the Undersigned the court clerk contacted the Clark County Detention Center (CCDC) to discuss the logistics for scheduling a hearing on Plaintiff's motion. However, the court clerk was advised by the CCDC that Mr. McDonald was released from custody in January 2016 and that the CCDC had no forwarding or current address for Plaintiff. (ECF No. 174.)

In an attempt to ascertain Mr. McDonald's whereabouts, the Court directed the Office of the Attorney General to file a Notice advising the Court whether the Office of the Attorney General had a current address for Plaintiff beyond the CCDC.  The Court's order also reminded Plaintiff of his obligation under (then) Local Special Rule 2-2 to keep the Court advised of his current address, and that the failure of Plaintiff to do so may result in the Court denying his motion for reconsideration or other sanctions as appropriate. (ECF No. 174.)   The order was mailed to Plaintiff at both his last known address at the CCDC and also to his prior address on Record Street. Both mailings were returned as undeliverable. (ECF Nos. 178, 183.)

On May 11, 2016, the Office of the Attorney General advised the Court it had no further address for Plaintiff other than the CCDC and that counsel for Defendants has had no telephonic or written contact from Plaintiff. (ECF No. 176.)

On May 17, 2016, this Court entered an order stating it would schedule a hearing on Plaintiff's motion for reconsideration and directed the Clerk to mail the notice to Plaintiff at both the CCDC and Record Street addresses. (ECF No. 179.)  The order was returned as undeliverable. (ECF No. 184.)

## II.    PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff's motion seeking to set aside the District Court's dismissal of action was received by the Court on December 7, 2015. (ECF No. 169.) The Defendants opposed Plaintiff's motion in a memorandum filed on December 16, 2015 (ECF No. 170) and errata (ECF No. 173). Plaintiff replied (ECF No. 171). Plaintiff's  motion was referred to the Undersigned by Judge Du. (ECF No. 172.)

Plaintiff's memorandum contends he was not provided a bus ticket by Nevada Department of

Corrections (NDOC) to Las Vegas but was instead "dropped off" on November 13, 2014, at dusk in Carson City. He subsequently "made it to Reno Record Street homeless shelter." He claims to have been "physically impaired" and "in psychological duress"; he was able, however, to establish an address at the Record Street shelter "for the court and the attorney general." (ECF No. 169 at 1.)  Although Plaintiff states he "made every possible effort to maintain, with due diligence, his filing," the Court only received the two filings referenced above, his notice of change of address (ECF No. 140), and his motion for sanctions (ECF No. 141), both filed in November 2014.  The Court has no records of Plaintiff submitting any further documents to the Court until he was incarcerated in Las Vegas at the CCDC in the fall of 2015.

Plaintiff's motion for reconsideration stated that he relocated to Las Vegas "about a month or so" after he departed from the Record Street facility in Reno.[3]  He represented he retained an attorney whose identity was not provided. Plaintiff stated he provided the attorney a disk which contained certain documents about his case. (ECF No. 169 at 2.) Plaintiff also stated that during this time period he was "self medicating himself...using methamphetamines and marijuana" to allegedly treat his "physical and psychological problems." (*Id.*)

Plaintiff alleged his cell phone was stolen but that he obtained a replacement and apprised his attorney of the new number.  Plaintiff claimed the attorney told him the "case would be post-poned...due to a new attorney of record, etc." (*Id* at 2.)  The Defendants note Plaintiff, after his return to Las Vegas, contacted "the lawyer (via email)." (Plaintiff's memoranda, ECF Nos. 170 at 2; 169 at 2.)  Defendants argue that if Plaintiff had access to email, he could have notified the Court of his Las Vegas address. (ECF No. 170 at 4.)

Plaintiff's reply memo states he "signed papers" with "the attorney," and that the attorney, or "the same two (2) attorneys notified the court... ." (ECF No. 171 at 2.)[4] The Court's docket, however, reflects

---

[3] Minutes of the Court's December 19, 2014 proceedings (ECF No. 148) were returned as undeliverable (ECF No. 159), as were those sent to Plaintiff thereafter at the Record Street address. The Court therefore presumes Plaintiff had departed Record Street in mid to late December.

[4] Plaintiff's reply memorandum stated he provided the attorneys medical records who copied them "onto disk." (ECF Nos. 169 at 2; 171 at 2.)

no contact was made with the Court by "the attorney" or by "the same two (2) attorneys." Plaintiff does not identify these attorneys by name.

Plaintiff also claims to have contacted the attorneys who "represented the family of the inmates who were shoot (sic) to death by NDOC officers at High Desert State Prison (Plaintiff saw it on the news) and asked her to represent me." Although he states "all can be verified," he did not provide any name of the attorney (identified as being a female) for possible verification. He also stated he signed with the attorney "reluctantly" because he recognized he would not be able to "effectively litigate his case." (*Id* at 3.)[5] Regardless, neither this attorney nor any other attorney ever entered an appearance on Plaintiff's behalf. (ECF No. 171 at 2-3.)

Plaintiff again commented in his reply memorandum on his psychological conditions which he stated were diagnosed at CCDC: "ADHD, PTSD and agoraphobia." (*Id*. at 3.) He contended that these conditions, coupled with being homeless, "literally prevented plaintiff from pursueing (sic) this case." (*Id*.). He did not explain how these conditions inhibited his ability to relocate to Las Vegas, communicate with attorneys via email, travel to and meet with counsel, etc.

Shortly after Plaintiff filed his reply memorandum (ECF No. 171, 12/28/2015), it appears he was released from the CCDC in January of 2016. (ECF No. 174.) As noted above, CCDC did not have a forwarding address for Plaintiff. Neither the Court nor the Office of the Attorney General has heard from Plaintiff since his release from CCDC. (ECF No. 176; Minutes, ECF No. 186.)

The Court was able to track down the possible identity of the lawyer/law firm Plaintiff was referring to in his motion for reconsideration. In Plaintiff's October 21, 2014 motion to extend discovery, he stated he was "negotiating a retainer agreement with a law firm out of Las Vegas." (ECF No. 120 at 1, ¶ 10.) Exhibit B to Plaintiff's motion is a letter from "THE702FIRM," Attorneys at Law, Las Vegas, Nevada, signed on behalf of the firm by Michael C. Kane, Esq. The content of the letter reads as follows:

///

---

[5] He also stated he was advised, possibly by the same attorney, that the "attorney did not take over case" and that he was proceeding pro se. (ECF No. 169 at 2.)

6

August 22, 2014

Reginald McDonald
Inmate ID#: 87239
NNCC P.O. Box 7000
Carson City, NV 89702

Re: Your pending case

Dear Mr. McDonald:

Thank you for contacting my law firm. I have received your package of information and would like to help you with your case.

As you know, my law firm has experience with helping people, like yourself, that have been injured while in prison. I agree with you that the CO who did this should be held responsible for his action and so should the jail and everyone else that was involved. I am sending you this letter, along with my contract for you to hire me. Once you have signed the contract and sent it back to me, I will immediately be able to contact the Attorney General and let them know I am your attorney.

If you have any questions, please include a letter when you mail back your signed contract.

**THE702FIRM**

Michael C. Kane, Esq.

Exhibit "B" (ECF No. 120 at 6.)

After the Court learned of the possible involvement of Mr. Kane and/or THE702FIRM, the Court issued an order advising Plaintiff and THE702FIRM of the Court's intention to conduct a hearing on Plaintiff's motion. (ECF No. 179.) The order was mailed to Plaintiff (at both his Record Street and CCDC addresses) and also to attorney Kane. Mr. Kane's copy of the Court's notice included Plaintiff's pro se motion for reconsideration (ECF No. 169) and numerous other relevant filings (ECF Nos. 120, 122, 140, 157, 158, 170, 171, 172, 173, 174, 175, 176 and 177). An order scheduling the hearing for June 15, 2016 was again sent to Plaintiff at both addresses. The order was also sent to attorney Kane, who was advised of the protocol to participate in the hearing by telephone. (ECF No. 180.) The order sent to Plaintiff was returned as undeliverable. (ECF No. 184.)

The clerk of the court, Ms. Katie Ogden, on direction of the Undersigned, also sent an email on May 17, 2016, to attorney Kane advising him that he would soon be receiving an order of the Court regarding a hearing on Plaintiff McDonald's motion for reconsideration and various other filings relevant

to Plaintiff's litigation. See, Minutes of Proceedings, June 16, 2016, ECF No. 186, Exhibit 1 (chain of email communications between Ms. Ogden and Attorney Kane).  Ms. Ogden's email also attached copies of the Court's two May 17, 2016 orders (ECF Nos. 179 and 180) regarding the calendaring of the hearing on Plaintiff's motion, and advised attorney Kane that he could participate in the hearing by dialing into the Court's AT&T "meet me" line. Mr. Kane acknowledged receipt of Ms. Ogden's email the next morning (May 18, 2016); however, he stated "the name does not sound familiar" and asked her to send him a copy of "the motion." (*Id*.) Ms. Ogden replied, stating she would be sending it to him in a few minutes, to which Mr. Kane responded with a short message, "Thank you very much." (*Id*.)

At 10:50 a.m. on May 18, 2016, Ms. Ogden sent Mr. Kane a copy of "the motion." The motion which Ms. Ogden forwarded was Plaintiff's (pro se) motion of October 21, 2014, seeking an extension of the discovery deadline. (ECF No. 120). As noted above, one of the grounds identified by Plaintiff in his motion to extend discovery was that he was "negotiating a retainer agreement with a law firm out of Las Vegas." Plaintiff referred to Exhibit B to his motion, which was the aforementioned letter from Michael Kane, Esq., of THE702FIRM addressed to Mr. McDonald at Northern Nevada Correctional Center. (*Id.* at 6.)[6] Ms. Ogden's email advised Mr. Kane that "Exhibit B contains a letter from your office." (*Id*.)

On May 26, 2016, the time of the June 15 hearing was rescheduled from 1:30 p.m. to 2:00 p.m. (ECF No. 181.) A copy of the Court's June 17, 2016. order was mailed to Plaintiff at his last two mailing addresses, both of which were returned as undeliverable (ECF Nos. 184, 185), and to attorney Kane at THE702FIRM.

The Court conducted its hearing on Plaintiff's motion for reconsideration. Present via telephone was Defendants' counsel, Deputy Attorney General Benjamin R. Johnson.  No appearance was made by Plaintiff or his putative counsel, Michael Kane. Mr. Johnson informed the Court the Office of the Attorney General had no contact with Plaintiff since his filings relative to Plaintiff's motion; neither did the Court have any new address for Mr. McDonald. (ECF No. 186.)  The Court concluded the hearing

---

[6] Plaintiff McDonald's motion for reconsideration (ECF No. 169) was also included among the documents mailed by the Court to Mr. Kane on May 17, 2016. (ECF No. 179.)

by advising that the Undersigned would be entering a report and recommendation for the denial of Plaintiff's motion for reconsideration of the Court's order of dismissal.

## III.   ANALYSIS

### A. General Standards for Motions for Reconsideration

Resolution of motions for reconsideration are generally matters within the Court's discretion. Reconsideration of a ruling is appropriate where the aggrieved party presents newly discovered evidence, where the Court committed "clear error," where its decision was "manifestly unjust," or where there is change in controlling law. *School Dist. No. 1 J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

More recently, the Ninth Circuit discussed the standards for a motion for reconsideration as follows:

> A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law[,]" and it "may <u>not</u> be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."

*Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

Under these standards, because there are no "highly unusual circumstances" present here, the Undersigned recommends that Plaintiff's motion for reconsideration should be denied. No "newly discovered evidence" was presented to the Court, with the possible exception of the putative involvement of THE702FIRM, for which no confirmation of retention was presented to the Court (either by the law firm or by Plaintiff). The Court's decision to dismiss the case when Plaintiff failed to maintain contact with the Court – until he was re-arrested several months after the dismissal had been entered – was not clearly erroneous. The dismissal of the action, which was undertaken in accordance with the Court's local rules and after notice to Plaintiff, similarly cannot be considered "manifestly unjust." There has been no intervening change in the controlling law.

While there is some suggestion Plaintiff may have been in discussions with a law firm to represent him, these discussions took place in August 2014. After the date of counsel's letter (8/22/14), until Plaintiff's last filings on his change of address (11/21/14), Plaintiff continued to file documents

pro se and appeared at his hearings (telephonically) representing himself (see, e.g., ECF Nos. 95. 96. 99, 101, 105, 107, 108, 110 114, 116, 120, 125, 126, 127, 131, 132,133, 136, 140 and 141). His obvious self-representation during this time period belies any inference he was, or believes he was, represented by counsel.

Therefore, under traditional standards governing reconsideration of dispositive motions, Plaintiff's motion should be denied. *School Dist. No. 1 J*, 5 F.3d at 1263; *Marlyn Nutraceuticals, Inc.*, 571 F.3d at 880.

### B. Standards for Motions for Reconsideration Under Fed. R. Civ. P. 59 and 60

A district court can also review a motion for reconsideration of a case dispositive order under either Fed. R. Civ. P. 59 or 60. Regardless, under either rule, the resolution is based upon the exercise of the Court's discretion. *School Dist. No. 1 J*, 5 F.3d at 1262.

Rule 59 would not be germane here because no judgment was entered on the order of dismissal. (ECF No. 165.)[7] Thus, the Court turns to Fed. R. Civ. P. 60 which pertains to "Relief From a Judgment or Order."

Subsection (a) addresses clerical mistakes, of which there are none..

Rule 60 (b) provides as follows:

**(b) Grounds for Relief from a Final Judgment, Order or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding for the following reasons:

    (1) mistake, inadvertence, surprise or excusable neglect;

    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

    (4) the judgment is void;

    (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

    (6) any other reason that justifies relief.

---

[7] Judge Du entered an order dismissing the action with prejudice and directed the clerk to close this case. (ECF No. 165.) The Court interprets Plaintiff's motion as seeking relief from a dispositive order.

As outlined above, Rule 60(b) of the Federal Rules of Civil Procedure provides that "[o]n motion and upon such terms as are just, the Court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or misconduct by an opposing party; ... or (6) any other reason that justifies relief." Motions under Rule 60(b) "must be made within a reasonable time - and for reasons (1), (2), and (3), no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c).[8]

Relief under Rule 60 "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances" exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted) (addressing reconsideration under Rules 60(b)(1)-(5)). The moving party "must demonstrate both injury and circumstances beyond his control. ..." *Id.* (internal quotation marks and citation omitted). As is apparent, motions for reconsideration under Rule 60 are evaluated under criteria similar to motions for reconsideration in general (discussed above).

Although Plaintiff gave the Court no indication upon which provision of Rule 60 his motion is made, the Court will discuss which provisions of Rule 60(b) might be most pertinent to Plaintiff's motion.

**60(b)(1) – Mistake**

Where a party seeks relief under Rule 60 for "mistake," they are "bound by and accountable for the deliberate actions of themselves and their chosen counsel," including careless or negligent mistakes by counsel as well as attorney misconduct. *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1091, 1101 (9th Cir. 2006).

**60(b)(1) – Excusable Neglect**

"To determine when neglect is excusable, we conduct the equitable analysis specified in *Pioneer*

---

[8] Subsection (c) discusses timing of a Rule 60(b) motion and, in that regard, Plaintiff's motion appears to be timely as it was filed earlier than one year after the order was entered. (ECF No. 169, 12/7/2016.)

11

[citation below] by examining 'at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith.'" *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (quoting *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223 (9th Cir. 2000)); see also *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381-82 (9th Cir. 1997) (per curiam). However, these factors do not constitute "an exclusive list." *Briones*, 116 F.3d at 381; *Bateman*, 231 F.3d at 1223. "The determination of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Lemoge*, 587 F.3d at 1192 (*quoting Pioneer Inv. Servs. Co.*, 507 U.S. at 395).

**60(b)(6)**

Relief under Civil Rule 60(b)(6) for "any other reason that justifies relief" is an equitable remedy to prevent manifest injustice which should be used sparingly. *Lal v. Cal.*, 601 F.3d 518, 524 (9th Cir.2010). If the claim underlying the Rule 60(b)(6) motion can be "fairly or logically classified as mere neglect," relief is not appropriate. *Klapprott v. U.S.*, 335 U.S. 601, 613 (1949).

**Length of Delay**

A Rule 60(b)(6) motion, however, "must be made within a reasonable time." Fed.R.Civ.P. 60(c)(1). "What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir.1981) (per curiam) (citations omitted). There is no bright-line rule of timeliness. In *Bateman*, 231 F.3d at 1225, the Court found that filing a Rule 60(b) motion one month after the order in question was "not long enough to justify denying relief."

"To justify relief under subsection (6), a party must show 'extraordinary circumstances' suggesting that the party is faultless in the delay." *Pioneer Inv. Servs. Co. v. Brunswick Assocs., Ltd. P'ship*, 507 U.S. 380, 393, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988)). We have held that "an

1   attorney's gross negligence resulting in dismissal with prejudice for failure to prosecute constitutes an

2   'extraordinary circumstance' under Rule 60(b)(6)." *Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010).

3         **C. Discussion**

4         Under none of the criteria of Rule 60(b) discussed above does it appear Plaintiff should be

5   afforded relief. When he moved from the Record Street shelter to Las Vegas (believed to be January

6   2015), although he had access to a computer, he failed to notify the Court of any new address.  While

7   Plaintiff possibly had some discussions with one or more attorneys, nothing submitted to the Court, or

8   the Court's own contact with Plaintiff's putative counsel, verified any retention of counsel who might

9   be pursuing Plaintiff's claim.  Plaintiff finally advised the Court of a change of address from Record

10  Street some ten months later – but only after he had again been incarcerated (in Las Vegas at the CCDC;

11  ECF No. 167, 10/30/2015). The Court lost contact with Plaintiff following his discharge from the CCDC

12  in January 2016.  Plaintiff has not been heard from since then by either the Court or counsel for the

13  Defendants. (ECF Nos. 174, 186.)

14        The Court perceives no grounds for excusable neglect. Nothing presented in Plaintiff's motion

15  (ECF No. 169) or his reply (ECF No. 171) provides an acceptable explanation for his failure to keep the

16  court advised of his change of address after he left Record Street for Las Vegas. Nor has Plaintiff ever

17  advised the court of any change of address after he was released from CCDC. No grounds are provided

18  the court which would justify the Court's exercise of its discretion to rescind the order of dismissal and

19  reinstate Plaintiff's action.

20        It once again appears Plaintiff has lost interest in pursuing this lawsuit, at least until he might be

21  incarcerated again and thereupon renew his efforts in prosecuting his claims.

22  **V.    CONCLUSION**

23        **IT IS HEREBY RECOMMENDED** that the District Judge enter an Order denying Plaintiff's

24  Motion for Reconsideration (ECF No. 169).

25        The parties should be aware of the following:

26        1.  That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules

27  of Practice, specific written objections to this Report and Recommendation within fourteen (14) days

28

13

of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

 2.   That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

DATED:  June 20, 2016

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE